IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW CLARK, HJ-5924,  )
    Petitioner, )
         )
    v. ) 2:12-cv-1801
         )
THE ATTORNEY GENERAL OF THE )
STATE OF PA., et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell M.J.:

    Matthew Clark an inmate at the State Correctional Institution at Waynesburg has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Clark is presently serving a nine to eighteen year sentence imposed following his conviction by a jury of aggravated assault with serious bodily injury and aggravated assault with a deadly weapon at CP-63-CR-1808-2006 in the Court of Common Pleas of Washington County, Pennsylvania. This sentence was imposed on August 28, 2007.[1]

    A timely appeal to the Superior Court was pursued in which the issues raised were:

> I. Was the weight of the evidence presented by the Commonwealth sufficient to sustain a conviction?
>
> II. Was the sufficiency of the evidence presented by the Commonwealth adequate to sustain a conviction?
>
> III. Did the Commonwealth fail to adequately and fully disclose evidence in its possession which came to light during the course of said trial and did the trial court prejudice the Defendant by overruling Defense counsel's objection and permitting the evidence to be entered into the record?

---

[1] See: Petition at ¶¶1-6.

> IV. Did the Court permit hearsay testimony into the record which alleged it to be taken for the truth of the matter asserted despite objections raised by Defense counsel, thereby prejudicing Defendant?
>
> V. Did the Court commit reversible error when it questioned the professionalism of Defendant's counsel in the presence of the jury and refused to grant the defendant's motion for a mistrial?[2]

On July 31, 2009, the judgment of sentence was affirmed,[3] and on May 5, 2010 leave to appeal was denied by the Pennsylvania Supreme Court.[4]

A timely post-conviction petition was filed on August 11, 2010,[5] and relief was denied on October 17, 2011.[6] An appeal was filed in the Superior Court in which the issues presented were:

> 1. Whether the trial court erred in dismissing the defendant's PCRA Petition without affording defendant a hearing and an opportunity to be heard and an evidentiary hearing on the merits of defendant's amended PCRA Petition, and when defendant alleged that his trial counsel was ineffective under the circumstances, and in failing to investigate and to call alibi witnesses?
>
> 2. Whether the trial court erred in not granting the defendant's claim for PCRA relief when defendant alleged the existence of exculpatory evidence that was unavailable at the time of trial and which has subsequently become available, which would have changed the outcome of the trial, if introduced, including, the statements of Brian Still Jr., Dirk Barfield, Jr., and Davoun Fuse, under the circumstances?
>
> 3. Whether the Honorable trial court erred in dismissing the defendant's claims for relief under the Post-Conviction Relief Act under the circumstances, without a hearing, despite defendant's claims of prosecutorial misconduct and constitutional violations, as set forth in defendant's amended PCRA petition?[7]

On August 15, 2012, the denial of post-conviction relief was affirmed.[8]

In the instant petition received on December 10, 2012, Clark contends he is entitled to relief on the following grounds:

> 1. Was the weight of the evidence presented by the Commonwealth sufficient to sustain conviction?

---

[2] See: Exhibit 42 at pp.2-3.
[3] See: Exhibit 42.
[4] See: Exhibit 3 at p.15 and petition at ¶ 9.
[5] See: Exhibit 3 at p.15 and petition at ¶11(a)(3).
[6] See: Exhibit 52.
[7] See: Exhibit 62 at p.3.
[8] See: Exhibit 62.

2. Was the sufficiency of the evidence presented by the Commonwealth adequate to sustain a conviction?

3. Did the Commonwealth fail to adequately and fully disclose evidence in its possession which came to light during course of said trial and did the trial court prejudice the defendant by overruling defense counsel's objection and permitting the evidence to be entered into the record?

4. Did the court permit hearsay testimony into the record which allowed it to be taken for the truth of the matter asserted despite objections and permitting the evidence to be entered into the record?

5. Did the trial court commit reversible error when it questioned the professionalism of defense counsel in the presence of the jury and refused to grant defendant a mistrial?

6. Ineffective assistance of trial counsel for failing to call certain alibi witness to corroborate defendant's testimony and for failing to argue inconsistent testimony compared to what was stated in the discovery as medical reports.

7. Trial court error in failing to grant an evidentiary hearing to hear testimony that came to light after trial.

8. Ineffective assistance of appellate counsel for failing to adequately prepare the appeal.[9]

The background to Clark's prosecution is set forth in the July 31, 2009 Memorandum of the Superior Court:

> The record reflects that in March 2006, the victim, Thomas Petroff, and his friend, Kevin Ledbetter, were riding in a car together when Ledbetter received a phone call from Appellant. Appellant told Ledbetter that he wanted to fight Petroff… the reason for the fight was a disagreement over a cell phone. Petroff accepted the challenge, and the men met in an acquaintance's backyard. Petroff assumed a boxing stance, but Appellant stated that he had no intention of boxing a former Golden Gloves athlete. Instead, Appellant purportedly asked Petroff if he was "going to box a bullet"… Appellant pulled a gun out of the pocket of his hoodie and Petroff raised his hands. After some words were exchanged, Appellant shot Petroff at least three times. One bullet severed Petroff's spine, rendering him a paraplegic. Ledbetter and a friend drove the victim to the emergency room and left him there unaccompanied. Police were called.[10]

---

[9] See: Petition at ¶ 12.
[10] See: Exhibit 42 at pp.1-2.

3

The Commonwealth concedes that pursuant to the provisions of 28 U.S.C. 2244(d), the instant petition is timely filed and also concedes the exhaustion question, 28 U.S.C. 2254(b)(1)(A).[11]

Petitioner's first two issues here challenge the sufficiency of the evidence upon which his conviction rests. In reviewing the evidence, the trial court wrote:

> The victim, Mr. Petroff, clearly and unequivocally stated under oath that on the night of March 6, 2006, defendant pointed a loaded firearm directly towards him and fired multiple shots. As a result of those shots, the victim remains paralyzed for the rest of his life. Furthermore, Kevin Ledbetter testified that on March 6, 2006, he witnessed Matt Clark remove a gun from his hooded sweatshirt pocket and shoot at the victim…[12]

In a federal challenge to the sufficiency of the evidence, the question is whether any rational fact-finder could have determined guilt beyond a reasonable doubt. Coleman v. Johnson, 132 S.Ct. 2060 (2012). Based on the above summarized trial testimony, there was more than adequate evidence, if believed, to sustain the conviction, and for this reason, Claims 1 and 2 do not provide a basis for relief here.

Clark's third argument is that he suffered prejudice as a result of the Commonwealth's failure to disclose evidence which came into its possession during the trial. In his direct appeal, the Superior Court summarized this issue as whether a violation of Brady v. Maryland, 373 U.S. 83 (1963) occurred when the Commonwealth failed to inform him prior to trial that initially the victim did not want to make a statement and failed to identify petitioner as his assailant.[13] In Brady, the Court held that suppression of evidence favorable to and requested by the accused and material to the issue of guilt violates due process.

At trial, the victim, Petroff testified that he was initially reluctant to relate the facts of the incident or the identity of his assailant to the police (TT.6/5/07 pp.97-98; 110-111) and that he did not want to testify against petitioner (TT.6/7/07 p.98-99). Clearly the initial reluctance of the victim to implicate the petitioner was presented to the jury and even if the petitioner had known of this hesitancy before trial, it is inconceivable that a difference result would have occurred. Thus, clearly no favorable evidence was suppressed and no Brady violation occurred.

---

[11] See: Answer at pp. 8, 9. We conclude that petitioner's eighth issue was not raised in the state courts and is barred from consideration here.
[12] See: Exhibit 34 at p. 5.
[13] See; Exhibit 42 at p.9.

4

Petitioner next contends that the trial court erred in admitting hearsay testimony. In order to provide a basis for relief, evidentiary errors must give rise to a due process violation. Keller v. Larkins, 251 F.3d 408 (3d Cir. 2001). Specifically, as the Superior Court observed, Clark argues that the trial court erred in permitting the hearsay testimony of Detective Daniel Stanek regarding statements made to him by the victim.[14] Specifically, Stanek testified that when he interviewed the victim, the victim identified petitioner as his assailant (TT. 6/5/2007 pp.36-40). In admitting this testimony, the court agreed with the prosecution that this testimony was not admitted for the truth of its contents but rather to demonstrate the basis for Detective Stanek's investigation of the crime (TT. 6/5/2007 pp.36, 39) and thus not hearsay. This clearly is not a matter of constitutional magnitude and does not provide a basis for relief here.

The petitioner next contends that the court committed reversible error when it questioned the professionalism of defense counsel. This situation arose when defense counsel indicated that his microphone was not working properly and the court commented "you are a professional. Keep your voice up" (TT. 6/5/2007 pp. 100-101). While maintenance of courtroom decorum rests with the sound discretion of the trial court, limitations which deny a defendant of a fair trial are not permissible. See: Carey v. Musladin, 549 U.S. 70 (2006); Deck v. Missouri, 544 U.S. 622 (2005). No such conduct occurred here. Simply put, it is absurd to allege that this comment to counsel to keep his voice up in any way denigrated his professional integrity let alone presents an issue of constitutional proportion here.

Petitioner's sixth and eighth issues allege the ineffectiveness of trial and appellate counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[14] See: Exhibit 42 at p.3.

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

Petitioner's sixth issue here is that counsel was ineffective for failing to call alibi witnesses. In his post-conviction petition Clark specifically argued that defense counsel was ineffective for failing to call Phillip and Daurice Whitlock to testify in his behalf.[15] In reviewing this allegation, the Superior Court wrote:

> [W[hile it is evident that [trial] counsel knew of these witnesses' existence, Appellant presents no argument as to whether these witnesses were willing to cooperate and testify or what their testimony would have been. The PCRA court noted that even the witnesses who did testify were reluctant and that the proffered witnesses could not have testified as alibi witnesses because Appellant admitted that he was at the scene of the crime, but contended that Kevin Ledbetter fired the shots… Appellant did not plead below nor has he argued on appeal that these witnesses were willing to testify at the time of trial…[16]

In the present case there is nothing in the record as determined by the state courts which would demonstrate any advantage which might have been gained had the Whitlocks been called upon to testify. This finding is entitled to a presumption of correctness here and no contrary showing has been made. 28 U.S.C. §2254(e)(1). Thus, counsel cannot be deemed to have been ineffective for failing to call these witnesses.

Petitioner also argues that appellate counsel was not adequately prepared. This unsupported bald allegation does not provide a basis for relief here, since it was never raised in the Commonwealth courts, and for this reason is not properly before this Court. 28 U.S.C. § 2254 (b)(1); Walker v. Martin, 131 S.Ct. 1120 (2011).

Finally, Clark contends he is entitled to relief as a result of the trial court's failure to hold a hearing on newly discovered evidence. While the petitioner has not set forth the nature of this "after discovered evidence," the Superior Court observed:

> Insofar as Appellant argues that he discovered two witnesses after trial who would testify to inconsistent statements made by certain Commonwealth witnesses, such

---

[15] See: Exhibit 62 at p.4.
[16] Id. at p.5.

testimony would only be used to impeach the credibility of those witnesses. Therefore, under the circumstances of this case, he is not entitled to relief on this basis. With respect to his assertion regarding an alleged statement by the victim to another person indicating that Appellant did not commit the shooting, Appellant has not set forth how that evidence would be admissible on any grounds other than for impeachment purposes. Simply put, the evidence is inadmissible hearsay and cannot be admitted for the truth of the matter asserted.[17]

Thus, because under Pennsylvania law there was an adequate basis for denying an evidentiary hearing, there is no basis for providing relief here. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

Because there is not showing here that the petitioner's conviction was secured in any manner contrary to federal law as determined by the Supreme Court of the United States nor involved an incorrect application of that law, Clark is not entitled to relief here. Accordingly, the petition of Matthew Clark for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[17] Id. at p.6. In reaching its conclusion, the Superior Court relied on the holding in Comm. v. Chamberlain, 30 A.3d 381 (Pa.2011) in which the Court concluded that in order to form a basis for securing a new trial, newly discovered evidence could not have been reasonably available at the time of trial; must not be merely cumulative or corroborative; must not be used solely for impeaching the credibility of witnesses, and be of such nature and character as to seriously question the validity of the verdict.

ORDER

AND NOW, this 3rd day of April, 2013, for the reasons set forth in the foregoing Memorandum, the petition of Matthew Clark for a writ of habeas corpus (ECF. 4) is DISMISSED and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell
United States Magistrate Judge